FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 31, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DR. SANDY MONTANO,<br><br>    Plaintiff,<br><br>vs.<br><br>THE DENTISTS INSURANCE COMPANY and JOHN DOES 1-5,<br><br>    Defendants. | No. 2:23-CV-00369-SAB<br><br>**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** |
| THE DENTISTS INSURANCE COMPANY,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>DEER PARK DENTAL PLLC, a Washington Professional Limited Liability Company, and DR. SANDY FLETCHER MONTANO DDS PLLC, a Washington Professional Liability Company,<br><br>    Third-Party Defendants. | |

Before the Court are Plaintiff's Motion for Summary Judgment Pursuant to Rule 56, ECF No. 17, and Defendant's Motion for Summary Judgment, ECF No. 21. Plaintiff is *pro se*. Defendant The Dentists Insurance Company, Inc. is represented by Eric Neal. Third-Party Defendants have not appeared in this action.

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 1

After reviewing both motions, the briefs, caselaw, and the statements of fact, the Court **denies** Plaintiff summary judgment and **grants** Defendant summary judgment.

## BACKGROUND

This case was filed in the Spokane County Superior Court on November 29, 2023. Defendant removed the case to federal court in the Eastern District of Washington on December 19, 2023, pursuant to 28 U.S.C. §§ 1332 and 1441.

On April 14, 2023, Defendant denied Plaintiff's claim for coverage regarding damages to his dental clinic property during an assault that occurred in December 2021. After conducting its investigation and reviewing the evidence, Defendant decided Plaintiff's claims were "demonstrably false" and rejected his request based on the Fraud clause of his insurance policy. The policy states:

> This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
> A.  This policy;
> B.  The Covered Property;
> C.  Your interest in the Covered Property; or
> D.  A claim under this policy.

Plaintiff brings this suit to challenge the denial of his claim and for extracontractual damages.

On December 3, 2021, Plaintiff states he was confronted and attacked outside of his dental clinic at 118 East Crawford Street in Deer Park, Washington. He was injured and hospitalized. The police report did not mention vandalism or property damage, and the report indicated based on surveillance video and witness statements that Plaintiff initiated the assault. Plaintiff was arrested for Fourth Degree Assault and later released.

Plaintiff maintained an insurance policy on the dental clinic property and

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 2

business through Defendant, and on January 5, 2022, he contacted Defendant to file a claim for damage to his clinic and the assault incident. He did not formally file the claim until January 21, 2022. Though he could not reopen his business, he continued to pay rent on the property through August 2022. He eventually moved his dental property to storage.

On January 24, 2022, Defendant sent Plaintiff a "Sworn Proof of Loss" form to file his claim. Defendant needed the form and a W-9 to begin the investigation. On February 17, 2022, Plaintiff inquired if the policy covered expenses for hiring an expert to evaluate his losses. However, Defendant could not start an investigation and evaluation of losses without the completed forms.

On March 21, 2022, and again on June 29, 2022, Defendant requested Plaintiff file the forms and evidence of loss. Plaintiff claims he was not told how to obtain or file the evidence, and he was suffering from effects related to a concussion he received during the assault.

On October 19, 2022, Plaintiff filed the claim and Sworn Proof of Loss seeking $652,197.87 in damages. The losses included estimates for equipment replacement and repair, construction estimates, fraud reports for employee embezzlement, and loss of business income. The equipment also included a new server, network products, 15 computers, printers, dental chairs, dental lights, doctor's stools, water, pumps, lasers, and more.

On November 1, 2022, Defendant requested Plaintiff allow an investigator to assess the damaged items on the claim. On November 28, 2022, Defendant advised Plaintiff it hired Tri-State Adjusting, LLC, to investigate. Tri-State attempted to schedule an inspection three times, but Plaintiff did not reply.

On January 30, 2023, Tri-State and Yaeger Dental Supply, Inc., finally conducted the investigation. The investigators did not find signs of vandalism; no lines had been cut on the equipment and there were no signs anyone had poured paint thinner on the machines, as Plaintiff claimed. The equipment functioned as

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 3

expected, with regular wear from use.

On February 16, 2023, Defendant requested Plaintiff submit to an Examination Under Oath ("EUO") and provide documents related to his claim. Plaintiff did not respond. On March 10, 2023, Defendant again made the request. On March 29, 2023, Plaintiff participated in the EUO. During the interview, Plaintiff testified in part that he miscalculated his monthly business income. He claimed $18,000 and now contends the loss comes to a lower amount somewhere between $11,000 and $14,000. He also claimed loss on income from July through December 2022, but Washington State suspended his dental license in June 2022, and he did not have a partner in the clinic.

Further, the "expert reports" gathered from Plaintiff regarding the replacement of his equipment were based on his representations to the companies regarding his equipment. The estimators did not inspect Plaintiff's equipment and only offered quotes for the new equipment, not to replace or assess the dollar value of any damage to the old equipment.

In his EUO, Plaintiff also could not explain why some items on the Sworn Proof of Loss included for equipment he never owned, such as the Fotona laser for $99,679.26. His testimony also failed to detail the exact damage to the property. For example, when speaking on damage to his computer server, he testified:

> Q. What about this document indicates to you that the server was damaged?
> A. We can keep reading together. I honestly do not know. Like as I mentioned before the question, I'm not a computer expert. [. . .] So they did what their job of inspecting or reviewing or analyzing or quoting or however they do their due process in processing this. But that's all I know on the matter.

Defendant denied the claim based on the evidence gathered. It now seeks summary judgment for Plaintiff's claims and declaratory relief against Third-Party

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT - 4**

Defendants pursuant to 28 U.S.C. § 2201, declaring it does not have an obligation to cover Third-Party Defendants under Plaintiff's Business Owners Policy for the alleged property damage and loss of business income.

Plaintiff claims: (1) violations of the Washington Insurance Fair Conduct Act, pursuant to Wash. Rev. Code § 48.30.015; (2) insurance bad faith; (3) breach of contract; (4) violations of the Washington Consumer Protection act, pursuant to Wash. Rev. Code § 19.86; (5) and negligence. He seeks exemplary and treble damages; pre- and post-judgment interest; attorney's fees and costs; investigation costs; and injunctive relief.

## MOTION STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 5

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant argues it is entitled to summary judgment because it validly asserted the Fraud clause in Plaintiff's insurance policy.

Washington law allows for an insurance company to void a policy in its entirety for a material misstatement on the claim, if the fraud provision is clear in the contract. *Mutual of Enumclaw Ins. v. Cox*, 110 Wash.2d 643, 648–50 (1988). "Insurance companies rely on insureds honestly filling out inventory lists of destroyed property. Dishonesty by insureds cannot be ignored." *Id.* at 649. Further, "[a]n insured need only make one material misrepresentation to void all coverage under the entire policy." *Ki Sin Kim v. Allstate Ins. Co., Inc.*, 153 Wash. App. 339, 354 (2009). Materiality is generally a mixed question of law and fact, but a court can decide the issue as a matter of law "if reasonable minds could not differ on the question." *Id.* at 355 (citation omitted). Materiality is also determined from the viewpoint of the insurer and not the insured. *Id.*

To void a policy, the insurer must show the insured knowingly made the false representations with intent to deceive. *Kay v. Occidental Life Ins. Co.*, 28 Wash.2d 300, 301–02 (1947). A showing of a false statement made knowingly leads to a presumption of intent. *Id.*

Defendant's investigator found Plaintiff's vandalism claims demonstratively false. The property inspected in Plaintiff's storage unit had no signs of damage, and a substantial number of items and equipment Plaintiff claimed on his Sworn Proof of Loss were not located in the storage unit, including the Fotona laser. Plaintiff also miscalculated and misrepresented his business losses. Further, he did not hire experts to assess the damage to his equipment as he

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 6

stated. Rather, he obtained estimates from manufacturers and distributors for the cost of the new equipment, including equipment never used in his clinic.

Finally, the police report of the incident did not include any mention of vandalism. Plaintiff also failed to tell Defendant in his claim that he was the person arrested in the assault incident, not his purported attacker.

Plaintiff's dishonesty cannot be ignored. Defendant clearly stated its Fraud provision in Plaintiff's policy, and Plaintiff's misstatements were material because his claims sought coverage for damage that did not exist. Reasonable minds could not find these claims immaterial to the application of the Fraud provision and for purposes of summary judgment. Further, Plaintiff knowingly made these misrepresentations of damages with the intent to deceive Defendant, as indicated by his testimony in the EUO, in which he admitted to misrepresenting his business income loss and admitted to obtaining estimates for new equipment and not the replacement of damaged equipment.

The Fraud provision allows Defendant to void the Policy in its entirety if Plaintiff materially misrepresented a fact about the Covered Property or a claim. Plaintiff did both. Based on this provision, Plaintiff's Policy is void.

Plaintiff also brings extracontractual claims against Defendant for violations of the Washington Insurance Fair Conduct Act, insurance bad faith, breach of contract, violations of the Washington Consumer Protection Act ("CPA"), and negligence.

Defendant argues none of these claims can survive if the Court finds Plaintiff materially misrepresented his policy claims and committed fraud on the contract. *Cox*, 110 Wash.2d at 652–53. "[T]he purpose of the CPA will not be served by awarding damages, attorney fees, and costs to [plaintiff] after he tried to perpetrate a fraud on [the insurer]." *Id.* Further, "[t]he CPA exists to protect consumers, not to aid and abet fraud." *Id.*

Defendant did not violate the CPA, act in bad faith, breach the contract, or

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 7

violate the Insurance Fair Conduct Act because it investigated, reported on, and denied Plaintiff's claim according to the Policy and law. As indicated by the timeline above, any delay in investigating the claim was due to Plaintiff's own delay in filing his claim paperwork and responding to Defendant's requests for investigation. Plaintiff's material misrepresentations in his Sworn Proof of Loss bar him from recovering on any extracontractual claims.

Based on the undisputed material facts, the Court finds that no reasonable jury would find for Plaintiff. As such, Defendant is entitled to summary judgment as a matter of law. The Court **grants** Defendant summary judgment and **denies** Plaintiff summary judgment.

## THIRD-PARTY DEFENDANTS AND COUNTERCLAIMS

Defendant also seeks declaratory relief for its counterclaims against Third-Party Defendants Deer Park Dental PLLC and Dr. Sandy Fletcher Montano DDS PLLC. *See* Fed. R. Civ. P. 57; 28 U.S.C. § 2201.

LCivR 83.6 does not allow for a corporation to appear *pro se*, and Third-Party Defendants failed to hire representation. Further, LCivR 7(e) finds the "failure to comply with the requirements of LCivR 7(b) or (c) may be deemed consent to the entry of an order adverse to the party who violates these rules." Not only did Third-Party Defendants not comply with the Court's February 12, 2024, order regarding representation, but they also failed to respond to Defendant's motion. Their failure to respond to the motion cannot be grounds for granting summary judgment alone. *See* Fed. R. Civ. P. 56; *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). However, the Court can consider the facts presented by Defendant as it relates to the counterclaims as undisputed. *See* Fed. R. Civ. P. 56(e)(2); *Heinemann*, 731 F.3d 917.

Third-Party Defendants also failed to waive service within 30 days of Defendant's request without any showing of good cause. *See* Fed. R. Civ. P. 4(d)(1)(F). As a result, the Court "must impose on the defendant: (A) the expenses

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 8

later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). Defendant's right to seek the Court's action under Fed. R. Civ. P. 4(d)(2) is preserved.

Third-Party Defendants have had several opportunities and notices from both the Court and Defendant regarding this litigation, and the Court now enters judgment against the Third-Party Defendant's for failure to comply with Court orders and based on the merits of Defendant's motion for summary judgment.

Finally, Plaintiffs have named Unknown John Doe Defendants in this matter. Barring unusual circumstances, "Doe pleading" is not permitted in the Ninth Circuit. *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969); *see also* General Orders 84-37, 13-37-1. Here, Plaintiff has not alleged any unusual circumstances to justify the use of Doe pleading. Thus, the Court **dismisses** these Defendants along with the case.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 9

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment Pursuant to Rule 56, ECF No. 17, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 21, is **GRANTED**.

3. The District Court Clerk is **directed** to enter judgment for Defendant The Dentists Insurance Company against Plaintiff and Third-Party Defendants.

4. The Clerk is also directed to **terminate** the Doe defendants.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, mail a copy to the *pro se* Plaintiff, and **close** the file.

**DATED** this 31st day of July 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT; DENYING PLAINTIFF SUMMARY JUDGMENT** - 10